Joseph MARCHETTI, Jr.

v.

## SUN·LIFE ASSURANCE COMPANY OF CANADA, et al.

### No. 3:98–0067.

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 27, 1999.

Bynum E. Tudor, III, Nashville, TN, for plaintiff.

John S. Hicks, Lawrence Slade Eastwood, Jr., Luis C. Bustamante, William Ozier, Nashville, TN, for defendant.

### ORDER

CAMPBELL, District Judge.

Pending before the Court are Defendant Diane J. Marino's Motion to Amend Judgment (Docket No. 109) and Motion for Summary Judgment (Docket No. 110). This Court previously entered judgment for Plaintiff against both Defendants Sun Life Assurance Company and Marino on Plaintiff's ERISA claims. *See* Docket No. 30. Defendant Marino asks this Court to vacate that judgment against her as moot. In addition, she asks this Court to enter summary judgment in her favor because Plaintiff's claim against her is moot.[1]

Neither Defendant Sun Life Assurance Company nor Plaintiff opposes Defendant Marino's Motions. *See* Docket Nos. 113 and 115. Plaintiff admits that the only relief he sought against Defendant Marino was equitable relief, requested in the alternative to this Court's not awarding him

---

**1.** In contrast to previous actions by the parties herein, Defendant Marino asks this Court neither to look outside the record nor to vacate its Order based upon some agreement by the parties, but rather, seeks relief through an appropriate Motion.

disability benefits. *See* Docket No. 114, No. 4. Because this Court awarded disability benefits to the Plaintiff, his claim against Defendant Marino is moot.

Accordingly, Defendant Marino's Motion to Amend Judgment (Docket No. 109) is GRANTED, and this Court's Order of December 18, 1999 (Docket No. 30) is AMENDED to vacate the judgment against Defendant Marino. Similarly, Defendant Marino's Motion for Summary Judgment (Docket No. 110) is GRANTED, and Plaintiff's claims against Defendant Marino are DISMISSED as moot.[2]

IT IS SO ORDERED.

**2.** The Court specifically does not make any finding as to Defendant Marino's other arguments for dismissal.